UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KELWIN INKWEL, LLC; ANITA'S SKIN & BODY
CARE; D.B. KOSIE & ASSOCIATES, on behalf of
themselves and all others similarly situated,

                         Plaintiffs,

                -against-

PNC MERCHANT SERVICES COMPANY, L.P.,

                         Defendant.
----------------------------------------------------------------X

**ORDER**

**17-CV-6255 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Former Plaintiffs Choi's Beer Shop, LLC ("Choi's LLC") and Abramoff Law Offices ("ALO") (collectively, the "Former Plaintiffs") and Plaintiff Anita's Skin & Body Care ("ASBC") seek reconsideration of this court's October 8, 2019 Memorandum & Order ("M&O" (Dkt. 38)) dismissing certain of their claims against Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. for Recon. (Dkt. 39); Mem. in Supp. of Mot. for Recon. ("Mem.") (Dkt. 39-1).) For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

The court assumes familiarity with the factual and procedural background of this case, which is set forth in greater detail in the M&O. (See M&O at 2-13.) On October 9, 2019 the movants requested reconsideration of the M&O, arguing that the court overlooked two key facts when adjudicating Defendant's Motion to Dismiss (the "Original Motion" (Dkt. 27)) Plaintiffs' Amended Consolidated Class Action Complaint ("CCAC" (Dkt. 36)). Specifically, Choi's LLC and ALO argue that, in dismissing their breach claims insofar as premised on the allegedly wrongful 2018 annual fee for failure to plausibly allege their performance of the contractual

1

notice-of-dispute provision, the court overlooked an allegation in the CCAC that the putative class action complaint that they filed in a separate proceeding (later consolidated with this action) itself satisfied this provision because it was served upon Defendant within 60 days of the fee having been assessed. (Mem. at 2-4; CCAC ¶ 94.) Meanwhile, ASBC contends that the court overlooked the fact that on November 10, 2015 it sent a written notice disputing the $6.99 paper statement fees that it had been charged in October and November 2015 when it dismissed ASBC's breach claims related to these charges. (Mem. at 4-5.)

The standard for a motion for reconsideration is "strict." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions are generally denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in decisions or data; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-cv-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader, 70 F.3d at 257). Courts narrowly construe and strictly apply these principles in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc., 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (citation omitted).

The question of whether a lawsuit may satisfy a contractual notice-of-dispute provision that does not provide a post-notice opportunity to cure is one that, as far as the court is aware, New York courts have yet to resolve. The court, however, need not resolve it now. This is because no fair reading of paragraph 94 of the CCAC, which alleges that the Former Plaintiffs "lodged timely written disputes of improper fees imposed within the 60 days prior to the Class Action Complaint they filed and served on October 22, 2018," supports the inference they urge

2

the court to draw, i.e. that this prior complaint was, itself, intended to serve as that notice. The Former Plaintiffs contend that Defendant's reply in support of the Original Motion "acknowledged that paragraph 94's allegation served as timely written notice." (Reply in Supp. of Mot. for Recon. (Dkt. 43) at 1-2 (citing Reply in Supp. of Mot. to Dismiss (Dkt. 29) at 3 n.3).) They, however, elide the fact that they first raised this argument in their brief opposing the Original Motion (Mem. in Opp. to Mot. to Dismiss (Dkt. 28) at 14); as such, the footnote in Defendant's reply on which the Former Plaintiffs rely amounts to little more than a response to a specific argument, not an acknowledgment that the allegation in paragraph 94 of the CCAC sufficiently supports the inference on which that argument is premised. As discussed in the M&O, "it is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." (M&O at 28 (quoting Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (alteration adopted)).) Accordingly, the court declines the Former Plaintiffs' invitation to revisit its ruling dismissing their claims.

The dismissal of ASBC's claims, however, warrants reconsideration. ASBC's claim that the monthly statement fees it was charged violated its agreement with Defendant rests on the fact that Defendant's sales representative, Don Phillips, manually struck through those fees on ASBC's Merchant Processing Application and Agreement (the "Application") prior to ASBC executing it. (See ASBC Appl. (Dkt. 36-5) at ECF p. 3; see also CCAC ¶¶ 158.) However, the Program Guide (the "Guide" and, together with the Application, the "Merchant Agreement") that Plaintiffs attached to the CCAC[1] provides, in conspicuous type, that "**no sales representative is authorized to make any verbal or written modification of the Agreement**"[2] and that "**NO**

---

[1] Plaintiffs characterized this version of the Guide as a "sample" (CCAC ¶ 48) and noted that "th[is] version[] [is] not applicable to every Plaintiff's account" (Id. n.2).

[2] "Agreement" as defined therein includes both the Program Guide and the Application, as well as additional documents not at issue in this proceeding. (See Sample Program Guide (Dkt. 36-1) at ECF p. 5.)

3

ALTERATIONS OR STRIKE-OUTS TO THE AGREEMENT WILL BE ACCEPTED." (See Sample Program Guide (Dkt. 36-1 at ECF p. 5.) If these provisions applied to ASBC's Merchant Agreement, which the court assumed to be the case, they would be sufficient to nullify any alterations Mr. Phillips may have made to ASBC's Application, including his striking out of the monthly statement fee. Cf. Ford v. Unity Hosp., 299 N.E.2d 659, 664 (N.Y. 1973) ("An agent's power to bind his principal is coextensive with the principal's grant of authority."); Highland Capital Mgmt. LP v. Schneider, 607 F.3d 322, 328-29 (2d Cir. 2010) (counterparty's reliance on agent's apparent authority to bind principal was not reasonable where, inter alia, letter agreement "expressly advised" counterparty that agent lacked such authority) (applying New York Law).

While Plaintiffs attached only one version of the Guide to the CCAC, Defendant attached the specific version of the Guide incorporated into each Plaintiff's Merchant Agreement to the Original Motion. (See Decl. of Mary McQuade in Supp. of Mot. to Dismiss (Dkt. 31-1); ASBC Guide (Dkt. 31-8).) And, in dismissing these specific claims, the court overlooked the fact that the version of the Guide incorporated into ASBC's Merchant Agreement differs materially in at least one respect from the sample Guide provided by Plaintiffs. Specifically, ASBC's Guide contains no language explicitly disclaiming the authority of sales representatives to modify the terms of the Agreement. While it does provide that Defendant "**will not accept any alterations or strike-outs to the Program Guide and, if made, any such alterations or strike-outs shall not apply**" (ASBC Guide at ECF p. 3 (underline emphasis added)), and that "**NO ALTERATIONS OR STRIKE-OUTS TO THE PROGRAM GUIDE WILL BE ACCEPTED**" (id. at ECF p. 4 (underline emphasis added)), the term "Program Guide" as defined therein does not embrace the Application, which is the document to which the

4

modifications at issue were made (id. at ECF p. 3 ("These Program Terms and Conditions (the "Program Guide"), your Merchant Processing Application and the schedules thereto (collectively, the "Agreement") . . . .")). Moreover, though this point was not addressed by the parties, the court concludes that ASBC has plausibly alleged that Mr. Phillips, in his capacity as Defendant's sales representative and in the absence of such limiting provisions, had at least apparent authority to modify the Application and to bind Defendant to the modified terms. See, e.g., Telenor Mobile Comms. AS v. Storm LLC, 584 F.3d 396, 411 (2d Cir. 2009) ("Under New York law, an agent has apparent authority if 'a principal places the agent in a position where it appears that the agent has certain powers which he may or may not possess.'" (quoting Masuda v. Kawasaki Dockyard Co., 328 F.2d 662, 665 (2d Cir. 1964) (alteration adopted))).

In this circumstance, the court believes that reconsideration of its dismissal of these claims is warranted. ASBC has alleged that Defendant agreed not to charge it a monthly statement fee and that Defendant nonetheless proceeded to charge it a monthly statement fee. This plausibly states a breach of ASBC's Merchant Agreement with Defendant. Further, ASBC has plausibly pleaded compliance with the Merchant Agreement's notice-of-dispute provision. (See CCAC ¶¶ 187-189.) Accordingly, the court vacates the M&O insofar as it dismissed ASBC's claims concerning the October and November 2015 monthly fees and reinstates those claims.

For the foregoing reasons, Abramoff Law Offices; Choi's Beer Shop, LLC; and Anita's Skin and Body Care's (Dkt. 39) Motion for Reconsideration is GRANTED IN PART and DENIED IN PART. The court's (Dkt. 38) Memorandum & Order is VACATED to the extent that it dismissed Anita's Skin and Body Care's claim for breach of contract insofar as premised on the allegedly improper assessment of paper statement fees in October and November 2015, and these claims are reinstated. The Motion is DENIED in all other respects; Abramoff Law Offices and Choi's Beer Shop, LLC remain dismissed from this case. Counsel for the remaining parties are DIRECTED to contact Magistrate Judge Cheryl L. Pollak concerning the next steps in this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 18, 2019

NICHOLAS G. GARAUFIS
United States District Judge